UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER JORDAN NARCISSE                             CIVIL ACTION

VERSUS                                                  NO. 20-2204

ERIC RONQUILLE, ET AL.                                  SECTION: "M"(1)

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Christopher Jordan Narcisse, a state pretrial detainee, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued the following defendants: Eric Ronquille; Landon Punch; Julio Alvarado; Patrick Blanchard; Matthew Whitworth; and Shane Bernard. In the complaint, plaintiff stated his claims as follows:

> To keep it short I was at home with my mom Dad and my wife. I went outside due to COVID 19. I was with my family. Can't smoke inside so I went and stood in front of my door smoking a cigg. I saw police just standing around talking. At that time I made my family aware of there location. My wife came to the door and looked out and asked me what they were doing. They lied in the Arrest Report they never told me the things they said and I never faught back or tryed to resist in anyway even after they blinded me. I begged and pleaded. It happened quick. They saw me. Rushed me holding my face on the Brick wall. Cuffed me and beat me. My wife and mom saw everything. I am half blind in my right eye because of this. I want help to file for Malicious Arrest and Malice on the part of the officers.
> I want to press charges on all party's involved and sue, and file a complaint for the severe injury caused by the officers and for the way they tryed to cover it up with out right lies and falsehoods and sighned false Reports and statements. I wish they had body cam's to show what they did to me. Everything can be proved from the lie about the 911 call to the time they had been sitting outside on my street if they have dash cams. Please help me if I'm not doing it right.
> Please Serve:
> Div. ADA: Matthew Whitworth
> I am trying to press charges and or sue, and file a complaint against Matthew Whitworth for Malfeasance in that he knew the charges against me had no measure of truth, or merits to hold me. There is no 911 tape or call to suport or justify the

> Deputies actions or there clame to be "responding to an anonymous complaint" to be at my house in the first place. Also for plain malicious prosecution in that he has been trying to build his whole case around my past ARREST and conviction's and or the lack of said evidence. The court records will clearly show the truth of this. Please help me in this matter. I am afraid of the malice that will come from this action but I will not just let this go.
>
> Please Help me and Protect me from the officers. They know where we live. Can you help me get no contact orders for the officers and to protect my family. I am the victim of a crime and my family are witnesses. ... Thank you for your Help.[1]

Defendant Whitworth has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff has opposed that motion.[3]

### I. Rule 12(b)(1)

Where, as here, "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Pursuant to Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted).

Defendant Whitworth argues that the Court lacks subject matter jurisdiction over plaintiff's claims against him because those claims are "patently frivolous." In support of that argument, he notes that the United States Fifth Circuit Court of Appeals has held:

> Ordinarily, when a Rule 12(b)(1) jurisdictional challenge attacks the merits of the underlying claim, the proper procedure is to find jurisdiction and then treat the challenge on the merits as a motion for summary judgment. The Supreme Court

---

[1] Rec. Doc. 1, pp. 5-6.
[2] Rec. Doc. 11.
[3] Rec. Doc. 17.

2

> has carved out a narrow exception to this rule, however, "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial or frivolous." Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). As we explained in Williamson v. Tucker, 645 F.2d 404 (5th Cir. 1981), this exception is "intended to allow jurisdiction dismissals only in cases where the federal claim is clearly immaterial or insubstantial ... the Bell v. Hood standard is met only where the plaintiff's claim has no plausible foundation or 'is clearly foreclosed by a prior Supreme Court decision.'" 645 F.2d at 416 (quoting Bell v. Health-Mor, Inc., 549 F.2d 342 (5th Cir. 1977)).

Carmichael v. United Technologies Corp., 835 F.2d 109, 114 (5th Cir. 1988).

Here, defendant essentially argues that the foregoing "narrow exception" applies because he is entitled to prosecutorial immunity. However, because "arguments for immunity are attacks on the existence of a federal cause of action," such arguments should be considered under Rule 12(b)(6), not Rule 12(b)(1). Morrison v. Walker, 704 F. App'x 369, 372 n.5 (5th Cir. 2017). Therefore, the argument that plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) lacks merit.

## II. Rule 12(b)(6)

On the other hand, defendant's alternative argument that the claims against him should be dismissed pursuant to Rule 12(b)(6) has merit. That rule allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted).

Because the claims against defendant Whitworth are based on actions he has taken in his role as the state's advocate in the criminal court proceedings, those claims are barred by absolute prosecutorial immunity. The United States Fifth Circuit Court of Appeals has held:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in [his] role as advocate for the state in the courts, or when [his] conduct is intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).[4] Accordingly, plaintiff's claims against Whitworth are properly dismissed pursuant to Rule 12(b)(6). See id. at 540.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Matthew Whitworth, Rec. Doc. 11, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.[5]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[4] Further, it should also be noted that to the extent that plaintiff is asserting a claim for "malicious prosecution," a plaintiff may not bring "a freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution." Cuadra v. Houston Independent School District, 626 F.3d 808, 812 (5th Cir. 2010).
[5] The remaining defendants have not yet appeared in this civil action. This Report and Recommendation does not address the claims against them.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14th__ day of January, 2021.


_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**