## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER JORDAN NARCISSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2204** |
| **ERIC RONQUILLE, ET AL.** | **SECTION: "M"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Christopher Jordan Narcisse, filed this civil action pursuant to 42 U.S.C. § 1983, asserting claims arising from an arrest and prosecution on state criminal charges. He sued Eric Ronquille, Landon Punch, Julio Alverado, Patrick Blanchard, Shane Bernard, and Matthew Whitworth.

The claims against defendant Whitworth have been dismissed.[1]  The remaining defendants have now filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,[2] which plaintiff has opposed.[3]  For the following reasons, the motion should be **GRANTED**.

### Summary Judgment Standards

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There is no "genuine issue" when the record taken as a whole could not lead a

---

[1] Rec. Docs. 18, 19, and 29; Narcisse v. Ronquille, Civ. Action No. 20-2204, 2021 WL 328633 (E.D. La. Jan. 14, 2021), adopted, 2021 WL 327239 (E.D. La. Feb. 1, 2021).

[2] See Rec. Docs. 36, 47, and 49.  In their motion, the defendants alternatively argued that dismissal was also warranted under Rule 12(b)(6).  However, because they submitted with their motion matters outside the pleadings for the Court's consideration, it is more appropriate for the motion to be considered under Rule 56.  See Fed. R. Civ. P. 12(d).

[3] Rec. Doc. 39.  Plaintiff was given the opportunity to file a supplemental opposition after defendant Bernard joined the motion, see Rec. Doc. 49, but no supplemental opposition was filed.

rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment.  Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## Plaintiff's Allegations

Plaintiff alleges that he was arrested as he was smoking a cigarette outside his home.  He further alleges that the officers used excessive force to effect the "malicious arrest," despite the fact he did not fight back or "resist in any way."[4]

---

[4] Rec. Doc. 1, pp. 4-6.

**Defendants' Motion**

In their motion, the defendants argue that plaintiff's claims are currently barred by Heck v.

Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal, expunged
> by executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to
> a conviction or sentence that has *not* been so invalidated is not cognizable under §
> 1983. Thus, **when a state prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated.**

Id. at 486-87 (boldface emphasis added; footnote omitted). Heck has since been extended also to

bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 F.

App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 F. App'x 377, 379 (5th Cir. 2005);

Shaw v. Harris, 116 F. App'x 499, 500 (5th Cir. 2004).

The defendants opine that plaintiff's claims are barred by Heck because he pleaded guilty

to one count of resisting a police officer with force or violence under La. Rev. Stat. Ann. § 14:108.2

in connection with the challenged arrest.[5] The defendants are correct.

In Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), the United States Fifth Circuit

Court of Appeals held that, subject to certain exceptions, Heck bars an excessive force claim by a

plaintiff who pleaded guilty to the Louisiana crime of battery on an officer based on the same

underlying incident. See id. at 873 ("[Plaintiff] was arrested and convicted of battery of an officer.

In Louisiana, self-defense is a justification defense to the crime of battery of an officer. To make

---

[5] See Rec. Doc. 36-6, p. 1, minute entry dated March 4, 2021; Rec. Doc. 36-6, pp. 3-6, plea form.

out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself.  Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the officers] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction." (citations omitted)).

Similar reasoning was subsequently applied to cases, such as this one, in which the plaintiff was convicted of resisting arrest but now alleges that he offered no resistance.  See, e.g., Arnold v. Town of Slaughter, 100 F. App'x 321, 324-25 (5th Cir. 2004) ("[Plaintiff's] current lawsuit contends that he did nothing to provoke [the officer's] actions. … Thus, [his] claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance.  Instead, [plaintiff] claims that he did nothing wrong, but was viciously attacked for no reason.  He provides no alternative pleading or theory of recovery. … [Plaintiff's] suit squarely challenges the factual determination that underlies his conviction for resisting an officer.  If [he] prevails, he will have established that his criminal conviction lacks any basis.  Therefore, this lawsuit challenges the validity of [his] conviction and is barred by Heck."); Martin v. Roy, Civ. Action No. 20-339, 2021 WL 1080933, at *12-13 (M.D. La. Mar. 18, 2021) ("[A]t no point in his Petition does [Plaintiff] allege that his claims of excessive force are separable from his resisting arrest.  He does not allege that the arrest occurred in divisible stages.  Instead, the Petition presents the excessive force claim as one single violent encounter to

which Plaintiff was wholly innocent. … Plaintiff's excessive force claim is not 'temporally and conceptually' inseparable from his resisting arrest conviction. Therefore, Plaintiff's excessive force claim is barred by <u>Heck</u>."); <u>Lee v. Denoux</u>, Civ. Action No. 16-16072, 2018 WL 2234809, at *5 (E.D. La. May 16, 2018) ("Plaintiff's complaint does not allege that the claim for excessive force and the conviction for resisting arrest stem from temporally and conceptually distinct acts, and Plaintiff's Section 1983 claim for excessive force would undermine his conviction for resisting arrest. Plaintiff's claim for excessive force is therefore barred by <u>Heck</u>. Moreover, Louisiana courts have found that the <u>Heck</u> doctrine also applies to state law claims for excessive force that necessarily attack the validity of underlying convictions."); <u>Houston v. Howard</u>, Civ. Action No. 16-17758, 2017 WL 4838407, at *6-9 (E.D. La. Aug. 18, 2017), <u>adopted</u>, 2017 WL 4791764 (E.D. La. Oct. 23, 2017); <u>Patterson v. City of New Orleans</u>, Civ. Action No. 11-3124, 2013 WL 623499, at *3 (E.D. La. Feb. 19, 2013).

In his opposition, plaintiff essentially argues that <u>Heck</u> does not bar his claims because he pleaded guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).[6] That argument has no merit. <u>Heck</u> clearly applies even to cases where the plaintiff entered an <u>Alford</u> plea. <u>See, e.g.</u>, <u>Ballard v. Burton</u>, 444 F.3d 391, 397 (5th Cir. 2006) ("[W]e hold that a conviction based on an <u>Alford</u> plea can be used to impose <u>Heck</u>'s favorable termination rule.").

In summary: Because plaintiff does not allege that his excessive force claims and his conviction for resisting arrest stem from temporally and conceptually distinct acts, and because he is alleging that he did not fight back or "resist in any way,"[7] a judgment in his favor on his

---

[6] In <u>Alford</u>, the Supreme Court held: "[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence **even if he is unwilling or unable to admit his participation in the acts constituting the crime**." <u>Alford</u>, 400 U.S. at 37 (emphasis added). Therefore, "[a]n <u>Alford</u> plea is one in which the defendant maintains his innocence but agrees to plead guilty." <u>United States v. Montiel-Cortes</u>, 849 F.3d 221, 223 n.1 (5th Cir. 2017).
[7] Rec. Doc. 1, p. 4.

excessive force claims would necessarily imply the invalidity of his conviction for resisting a police officer with force or violence under La. Rev. Stat. Ann. § 14:108.2. Therefore, <u>Heck</u> bars his excessive force claims so long as that conviction remains in effect.

Further, to the extent that plaintiff is perhaps also asserting separate claims for false or malicious arrest, they, too, are likewise currently barred by <u>Heck</u>. <u>See, e.g.</u>, <u>Ducksworth v. Rook</u>, 647 F. App'x 383, 387 (5th Cir. 2016) ("[Plaintiff] was arrested for crimes for which he was ultimately convicted. <u>Heck</u> therefore bars recovery for his false arrest claim as well, because his convictions necessarily imply that there was probable cause for his arrest."); <u>Cormier v. Lafayette City-Parish Consolidated Government</u>, 493 F. App'x 578, 583 (5th Cir. 2012) ("We have applied <u>Heck</u> to bar claims for excessive force, false arrest, malicious prosecution, and other claims of unlawful seizure. We have specifically noted that false-arrest and malicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity. Such attacks run afoul of <u>Heck</u>'s policy of finality." (citations and quotation marks omitted)).

For all of these reasons, the defendants' motion for summary judgment should be granted and plaintiff's remaining claims should be dismissed with prejudice until such time as the <u>Heck</u> conditions are met.[8]

Lastly, if the foregoing recommendations are adopted, then all of plaintiff's claims in this lawsuit will have been dismissed. Accordingly, his related motion for a temporary restraining order[9] should be **DENIED**.

---

[8] <u>See</u> <u>DeLeon v. City of Corpus Christi</u>, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in <u>Heck</u> cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the <u>Heck</u> conditions are met.'").

[9] Rec. Doc. 33.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendants' motion for summary judgment be granted and that plaintiff's remaining claims be dismissed with prejudice until such time as the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's motion for a temporary restraining order be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __24th__ day of August, 2021.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**